UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| C5 INVESTMENTS, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　-vs-<br><br>ERNST & YOUNG LLP,<br><br>　　　　　　　Defendant. | NO. 06-CIV-0210-WFN<br><br>MEMORANDUM ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGEMENT |

PENDING BEFORE THE COURT is the Plaintiff's Motion to Alter or Amend Judgement Dismissing Plaintiff's Claims and for Leave to File a Second Amended Complaint (Ct. Rec. 30). A motion hearing was held on February 5, 2007. Erik Christiansen appeared on behalf of the Plaintiffs. Kenneth Black and Timothy Conde appeared on behalf of Defendant.

## I. BACKGROUND

Plaintiffs C5 Investments, Northwest Services, Inc., and Greg S. MacDonald are investors. Greg S. MacDonald is the president of Northwest Services, Inc. Mr. MacDonald was also a high level executive and principal shareholder at General Fire & Casualty and GF&C Holding Company at times relevant to this action.

Defendant Ernst & Young is a national accounting firm which was retained by General Fire & Casualty to audit and prepare financial statements for the audit years ending December 31, 2001 through 2003.

In 2003, Plaintiffs purchased privately placed stock in GF&C Holding Company, which is the parent company of General Fire & Casualty (collectively "General Fire"). In

MEMORANDUM ORDER - 1

purchasing said stock, Plaintiffs relied on a Private Placement Memorandum dated December 5, 2003 (the "PPM"). *See* Affidavit of Timothy Conde, Ct. Rec. 14, Exhibit B. The PPM contained, among other things, information from General Fire's audited financial statements for years 2001 and 2002.

Though not alleged prior to the Motion to Dismiss, Plaintiffs now claim that General Fire made an oral modification to Ernst & Young's engagement agreement creating a second engagement. The modification required Ernst & Young to confirm that certain documents, such as shareholder reports and PPMs were being properly reported.

In preparing the 2002 and 2003 financial statements, Ernst & Young accounted for certain contracts as reinsurance contracts. In 2005, however, General Fire was audited by a different accounting firm and the contracts at issue were classified as deposits rather than reinsurance. This reclassification resulted in a downgrading of General Fire's stock from a BB+ to a BB- rating, with a negative outlook. General Fire was also required by the California Department of Insurance to suspend business in California. Plaintiffs contend that the negative rating and loss of business in California significantly devalued Plaintiffs' stock.

The Plaintiffs alleged that the Defendant failed to perform its accounting and auditing services with the degree of reasonable skill and care expected of auditors and accountants in similar circumstances. The test set forth in *Credit Alliance v. Arthur Andersen & Co.,* 483 N.E.2d 110 (N.Y. Ct. App. 1985), governed liability in this case. The three pronged test requires that: "(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in furtherance of which a known party or parties was in tented to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance." *Credit Alliance,* 483 N.E.2d at 118.[1]

---

[1] The case relies on diversity jurisdiction so Idaho law applies. The Idaho Supreme

MEMORANDUM ORDER - 2

On September 21, 2006, the Court granted the Defendant's Motion to Dismiss (Ct. Rec. 12), dismissing the action with prejudice. The Court found that the Plaintiffs could prove no set of facts to meet the first prong of the *Credit Alliance* test. (Ct. Rec. 28). The Court based its decision on the fact that the primary purpose of the Defendant's engagement was to prepare the year-end audited financial statements. The Court rejected Plaintiffs' novel "subsequent primary purpose" argument, which asserted that while the statements were originally intended as a year-end audit, their secondary primary purpose was to attract specific investors once they were included in the PPM.

## II. ANALYSIS

A court may grant a motion based on Rule 59(e) if: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgement is based"; (2) the moving party presents "newly discovered or previously unavailable evidence"; (3 the motion is necessary to "prevent manifest injustice"; or (4) there is an "intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Plaintiffs contend that the motion ought to be granted for two reasons: 1. the Court committed a manifest error of law or fact and 2. new evidence, not available at the time of the Motion to Dismiss, supports reopening the judgement.

The Court did not commit a manifest error of fact or law. The Court did not rely on Defendant's representations regarding the scope of Ernst & Young's engagement. In the Amended Complaint, Plaintiffs alleged that Ernst & Young knew and permitted PPM offering materials to be included information from Ernst & Young's audited year-end reports. (Ct. Rec. 1-2, para. 19.) The Court acknowledged and assumed these facts in its judgment. (Ct. Rec. 28, pg. 5.) However, the Court found that the facts alleged were not sufficient to meet

---

Court adopted the *Credit Alliance* test in *Idaho Bank & Trust v. First Bancorp of Idaho*, 772 P.2d 720 (Idaho 1989)

MEMORANDUM ORDER - 3

the first prong of the *Credit Alliance* test since inclusion of the financial reports in the PPM were not the primary purpose of Ernst & Young's engagement.

Alternatively, Plaintiff argues that newly discovered evidence proves that "one of Ernst & Young's engagements with General Fire had a primary purpose of providing assistance in the creation and drafting of the PPM." (Ct. Rec.14, pg. 8)  In order to properly present new evidence, the Plaintiffs must show that "the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003).

Plaintiffs must rebut the presumption that there has been a lack of diligence. *U.S. v. Branson,* 142 F.2d 232, 235 (9th Cir. 1944).  Lack of diligence is exhibited where a party fails to make an inquiry of persons who were likely to know the facts in question. 58 Am. Jur. 2d *New Trial* § 334 (2006). Plaintiffs assert that the evidence was previously unavailable and could not have been discovered earlier because discovery had not yet begun.  However, according to his affidavit, Plaintiffs' attorney contacted Vern Child after the claims were dismissed and obtained the new evidence within a matter of a few weeks. Though neither Vern Child, the affiant and General Fire's former Chief Financial Officer (CFO), nor General Fire, are parties to the litigation, Plaintiff Craig McDonald served as a high level executive for General Fire. As an executive of General Fire, it appears likely that Mr. McDonald would be familiar with the inner operations of General Fire including the identity of the former CFO. The Plaintiffs do not explain why they were unable to obtain the same information during the 6 months between filing the initial complaint and the Motion to Dismiss.

Even if the evidence was not obtainable using reasonable diligence prior to the Motion to Dismiss, Plaintiffs's claim still falls short because the new evidence would not change the Court's decision. Viewing the newly submitted evidence in the most favorable light, the Plaintiffs' do not meet the first prong of the *Credit Alliance* test.  Plaintiffs recast the rejected

MEMORANDUM ORDER - 4

"subsequent primary purpose" theory to the theory that the primary purpose was altered due to an oral modification of the original contract. Plaintiffs contend that the parties orally modified the engagement letter whose primary purpose was to conduct a year-end audit creating a second engagement whose "primary purpose" was to review the financial information in the PPM.

The oral modification theory is suspect on two grounds. First, it is not clear that the oral modification altered the primary purpose of the relationship between Ernst & Young and General Fire. Plaintiffs acknowledge that the engagement letters from November 19, 2002, and December 3, 2003, represent that the purpose of Ernst & Young's engagement is to perform an audit. Ernst & Young performed the audit which was the subject of their engagement as discussed in the 2002 engagement letter. The alleged "oral modification" did not alter their duties to perform the year-end audit. Instead, it created an additional duty to review the PPM. The second engagement letter, issued after the alleged oral modification, also clearly indicates that the primary purpose of the Ernst & Young's engagement is to perform an audit. It makes no mention of the PPM.

Second, assuming that the oral modification did alter the primary purpose of Ernst & Young's engagement, reviewing a document does not create the relationship necessary to incur liability to third parties. In the cases the parties cited relying on the test in *Credit Alliance*, the third party is generally suing based on an opinion derived from an audit. The language of the test suggests that mere review may not incur liability. The first prong of the test requires that "financial reports" be used for a particular purpose. Ernst & Young did not create financial reports for the PPM. Instead, they reviewed and advised on the proper reporting of financial information incorporated in and included with the PPM. Affidavit of Vern Child, Ct. Rec. 32, pg. 4, *see also,* Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Alter or Amend Judgement Dismissing Plaintiffs' Claims and for Leave to File a Second Amended Complaint, Ct. Rec. 31, Exhibit A. Plaintiffs' alleged injuries do not arise

MEMORANDUM ORDER - 5

from whether the financial information was properly reported, rather their injury arises from reliance on the content of the financial report. The content of the financial reports is the information from the annual reports, which this Court already indicated cannot meet the first prong of the *Credit Alliance* test.

Based on the foregoing, the Court finds that the Plaintiffs did not meet the standard to reopen judgment under Fed. R. Civ. Pro. 59(e). Further, even were the Court to consider the newly submitted documents, the Plaintiffs still cannot meet the first prong of the *Credit Alliance* test. Accordingly, the Court denies Plaintiffs' Motion to Alter of Amend Judgement Dismissing Plaintiffs' Claims and for Leave to File a Second Amended Complaint.

**IT IS ORDERED** that Plaintiffs' Motion to Alter of Amend Judgement Dismissing Plaintiffs' Claims and for Leave to File a Second Amended Complaint, filed October 5, 2006, **Ct. Rec. 30,** is **DENIED**.

The Clerk of Court is directed to file this Order and provide copies to counsel.

**DATED** this 7th day of February, 2007.

02-06

                                          s/ Wm. Fremming Nielsen
                                          WM. FREMMING NIELSEN
                            SENIOR UNITED STATED DISTRICT JUDGE